IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANE DAVIS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-3023 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                                  May 12, 2009

      Upon consideration of the brief and statement of issues in support of request for review filed by plaintiff (Doc. Nos. 7& 8)[1] and defendant's response (Doc. No. 10), the court makes the following findings and conclusions:

      1.      On February 23, 2006, Diane Davis ("Davis") filed for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, alleging an onset date of September 6, 2003. (Tr. 84-85). Throughout the administrative process, including an administrative hearing held on August 28, 2007, before an ALJ, Davis' claims were denied. (Tr. 4-6; 16-26; 28-52; 56-60). Pursuant to 42 U.S.C. § 405(g), Davis filed her complaint in this court on June 25, 2008.

      2.      In his September 10, 2007 decision, the ALJ concluded, *inter alia*, that: (1) Davis had severe impairments of a history of carotid artery dissections with aneurysms and occlusions, vertigo, occipital headaches, and discogenic disease of the cervical spine; (2) her impairments did not meet or equal a listing; (3) she had the RFC to perform light work with only occasional postural activities and no heights or hazards; (4) she could perform her past relevant work as a house cleaner and could also perform other jobs that existed in significant numbers in the national economy; and (5) she was not disabled. (Tr. 16 ¶ 5; 18 Finding 3; 19 Finding 4; 20 Finding 5; 24 Finding 6; 25 Finding 10; 26 ¶ 2; 26 Finding 11).[2]

      3.      The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence

---

[1] Plaintiff's submissions were actually filed as a motion for summary judgment and a brief in support thereof. However, because the procedural order does not contemplate motions for summary judgment, I will consider plaintiff's submissions as a brief and statement of issues in support of request for review. See (Doc. No. 4).

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

       4.      Davis raises two main arguments in which she alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence. These arguments are addressed below. However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

       A.      Davis first contends that the ALJ erred by partially discounting the opinion of her treating neurologist, Dr. Roger Farber, instead of giving him controlling weight. A treating physician is only provided controlling weight when his opinion is well supported by medically acceptable sources and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2). Specifically, Davis contends that instead of accepting the work-precluding limitations assessed by Dr. Farber, the ALJ substituted his own non-medical opinion. After reviewing the decision of the ALJ and the entire record, it is clear that this is not the case. The ALJ discussed Dr. Farber's assessments and took the time to explain how the extreme limitations therein were inconsistent with Davis' own accounts of her functional capacities, Dr. Farber's own neurological and other clinical examinations, as well as the specific findings of neurologist Dr. Stephen Messe, consultative examiner Dr. Michael Korman, state agency review physician Dr. Vinaykant Shah, and Dr. Donald Klingen. (Tr. 22 ¶ 4 - 24 ¶ 2); see also (Tr. 19 ¶ 4 - 20 ¶ 2; 22 ¶ 1; 33-37; 40-43; 123-24; 154-55; 160-61; 230-31; 232-33; 240-45; 246-51). The ALJ also noted that Dr. Farber's assessments were supported only by Davis' subjective complaints rather than by medically acceptable sources as required by SSR 96-2p. (Tr. 23 ¶ 1). After carefully reviewing the record, I find that the ALJ's decision to discount the findings of Dr. Farber was well supported by substantial evidence. Likewise, Davis' contention that the ALJ substituted his own lay opinion for that of a treating physician is completely unfounded. Thus, this argument must fail.

       B.      Second, Davis argues that the ALJ erred by discounting the credibility of his testimony and the opinion of Dr. Farber based on the ALJ's allegedly faulty assertions that there were differences between her August 28, 2008 hearing testimony and her March 28, 2006 activities of daily living report, and that her treatment was minimal. "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence." Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)). Moreover, such determinations are entitled to deference. S.H. v. State-Operated Sch. Dist. of the City of

<u>Newark</u>, 336 F.3d 260, 271 (3d Cir. 2003).  Contrary to Davis' suggestion, I agree with the ALJ that Davis' hearing testimony detailed limitations in activities of daily living which were often less severe than the limitations she had previously listed in her report, which could be indicative of improvement.  (Tr. 21 ¶ 5 - 22 ¶ 3).  For example, on her activities of daily living report, Davis claimed that she lived alone with no one dependent upon her, could lift only one pound, and could walk one quarter of a block.  (104; 106).  However, at the hearing, Davis testified that she lived with her granddaughter for whom she was primarily responsible, took walks with her granddaughter, could walk four blocks, could lift three to five pounds, and went to the gym a couple times a month.  (Tr. 33; 36-37; 42-43).  Moreover, I find that the ALJ's conclusion that Davis' treatment regimen was relatively minimal is supported by substantial evidence.  (Tr. 22 ¶ 3; 23 ¶ 1).  Likewise, I find that the credibility assessments of the ALJ were supported by substantial evidence.  Thus, Davis' argument to the contrary must fail.

       5.    After carefully reviewing all of the arguments and evidence, I find that the ALJ's conclusion that Davis was not disabled was legally sufficient and supported by substantial evidence.  As a result, Davis' request for relief must be denied and the decision must be affirmed.

    An appropriate Order follows.